THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CATHERINE FRIEDT, Appellant.— Defendant appeals from a judgment of the County Court of Richmond County convicting her of murder in the second degree. Judgment reversed on the law and new trial ordered. In examining defendant's witness, Dr. Scala, the Trial Judge erroneously assumed that the assistant medical examiner of the city of New York had testified for the People that in his opinion iodine poison had, with asphyxia, caused the death of defendant's infant son. The People's witness testified that he did not think that iodine poison caused the death. The Trial Judge also erred in demanding repeatedly, over objection, that defendant's witness in expressing his opinion, must assume that the child was smothered to death by his mother. The hypothetical question propounded by defendant's counsel to this witness did not assume that it was the fact that defendant had smothered the child to death. The assumption was that the evidence showed that the defendant told the District Attorney that she had placed a pillow over the baby's face and smothered it to death. It is not possible to conclude that the prolonged examination of this witness by the Trial Judge and the charge as to his testimony did not prejudice the witness in the eyes of the jurors. The People had the burden of establishing by evidence, in addition to defendant's confession, that death was due to a criminal agency. The assistant medical examiner testified that by the autopsy he found no direct cause of death. He expressed the opinion that death was caused by asphyxia. Defendant's witness testified that in the absence of certain findings in the report of the autopsy, it was not possible to say that asphyxia was the cause of death. His opinion

was that death was caused by a disturbance in the lymphs, which he testified is frequently the cause of death of infants less than one year old. The defendant was entitled to have the opinion of her witness weighed in the light of the facts which in the hypothetical question were assumed to have been established. He was not asked to assume that the mother had in fact smothered the child. Moreover, it was error to permit the District Attorney to state to the jurors that the court could suspend sentence upon a conviction. The District Attorney's improper argument that the jury should convict so as to permit supervision in the future of the defendant by the Trial Judge prejudiced defendant's rights. The interests of justice require a new trial. Nolan, P. J., Carswell, Johnston, Adel and MacCrate, JJ., concur.